GEORGE K. JEWETT and others, petitioners for partition, *vs.* PERSONS UNKNOWN.

*Partition—petition for.  Description of petitioners' interest.  Notice.  Evidence. Office copies.  Deeds recorded in wrong registry inadmissible.  Parol testimony as to title not admissible.*

It is a sufficient description of the petitioners' interest, if it be stated as a certain fraction of a township, though the fact be that their interest really is the stated proportion of said township exclusive of the number of acres reserved by the State for public uses.

Upon a petition for partition of a township no special notice need be given to the land agent, as representative of the State's interest in the lands reserved in such township for the use of the town.

Office copies of deeds given by the land agents of Maine and Massachusetts admitted under the provisions and limitations of R. S., c. 82, § 99.

A copy of a deed, recorded in a registry district other than that in which the land lies, is inadmissible.

Parol evidence of the contents of a deed, not shown to be lost, is inadmissible.

Persons not claiming under the mortgagee cannot set up his title under the mortgage to defeat a petition for partition.

ON REPORT.

Nine cases, each entitled as above, were submitted to the consideration of this court at the same time. They were petitions for partition. The first is for partition of Township No. 14, R. 14, which is situate within the limits of the Northern Registry District of Aroostook County. The petitioners claimed to be seized in fee as tenants in common of $\frac{242}{418}$ of said township with other persons unknown; but certain individuals were mentioned as the presumed owners of the tract with Jewett and his co-petitioners. The petition stated that a thousand acres of the land had been reserved by the State for the exclusive benefit of the town and not located. The petitioners therefore prayed to have it located and for partition, etc. No mention was made of the land agent in the petition, nor was any notice of its pendency given to him other than the published notice " to all parties," ordered by the court. Personal notice was given those named as supposed co-tenants with the plaintiffs, as directed by the order of the court. The parties who appeared in response to the notice, and assumed the defence, plead that the petitioners were not seized, as alleged in their petition ; set up sole seizin in respondents, and that the petitioners' interest was not correctly described in their petition. The petitioners replied, denying defendants' claim of sole seizin, affirmed their own seizin of the proportions by them claimed, and add that if any others than those whose names appear in the petition are jointly interested in the land they are wholly unknown, and assert that their own interest in the premises is described with sufficient accuracy.

The pleadings were substantially the same in all these cases. The respondents contended that the interest of the petitioners

was incorrectly stated, insomuch as they were not entitled to $\frac{244}{418}$ of a township, but to only that fraction of so much as remained after deducting the thousand acres reserved by the State for the benefit of the town. For example, if the township contain 23,040 acres, the petitioners are entitled, after the thousand-acre reservation is located, to only $\frac{244}{418}$ of 22,040 acres; and if they petition, as in the case at bar, before that reservation is located they are entitled to $\frac{244}{418}$ of $\frac{23040}{23040}$ of a township, instead of to that fractional part of a whole township; hence that the petitioners had not truly stated their proportional ownership of the land of which they pray partition, and under their agreement, " if they are not entitled to have partition of said township as prayed for, they are to be nonsuit."

This and other objections to the petition are fully stated in the opinion of the court.

*Wm. H. McCrillis*, for petitioners.

*Madigan & Donworth*, for Rufus Mansur, respondent.

*Peters & Wilson*, for Thomas N. Egery and others, respondents.

APPLETON, C. J. These petitioners have presented their peti-tions for the partition of certain townships in which they are ten-ants in common. After setting out their fractional interests in the townships sought to be divided, they state in each petition that the township contains one thousand acres of land, reserved for the exclusive benefit of the town, which has not been located; that they cannot occupy and improve the said parts to any advantage while the same lie in common and undivided, but wholly lose the profits thereof, and they pray that notice may issue in due form of law, and that said one thousand acres may be located and their parts be set off and assigned to them in severalty.

The respondents, who appear, deny the seizin of the petitioners, plead sole seizin in themselves, and resist partition on various grounds, some of which are applicable to all, and others only to a part, of the petitions.

By the terms of the report, if the petitioners are not entitled to have partition, as prayed for, they are to become nonsuit.

1. It is objected that the interest of the petitioners is not correctly set forth in their several petitions. There should be reasonable certainty to enable the respondents to traverse the petitioners' seizin. The petitioners in each can describe their fraction of the whole township of which they pray partition.

It is urged that the fraction is not correctly described, because there is a reservation of land for public uses. If the fraction is truly given in case there is no reservation, it is equally so, if there be a reservation. In other words, if the petitioners own one-half or any other fraction of a township, if there is no reservation of any number of acres, their interest in the balance, when there is a reservation to which their title is subject, remains unchanged. The several petitions set forth the reservations for public uses with a prayer that they be first set out. It is obvious if these reservations are correctly stated in the petitions, and the petitioners have accurately stated their share, that it must be of the balance and that the description is sufficient.

2. Notice upon all parties interested was ordered upon the entry of the several petitions, and the case finds that notice has been proved as ordered.

The objection taken by the respondents is that no specific notice was ordered to be given to the land agent, to whom the care and custody of the public lands is intrusted. In *Upham* v. *Bradley*, 17 Maine, 423, "it was made a point of the defence," observes Shepley, J., "by the brief statement that the lands reserved for public uses had not been set off. The second section of the statute of 1838, c. 345, applies to process thereafter to be commenced, and the requisitions of the law may all be complied with in making the partition." In like manner, all the requirements of law as prescribed by R. S. of 1871, c. 88, § 29, may be complied with here.

But without determining the necessity of notice to the land agent, it is sufficient here to observe that there is no plea nor brief

statement of want of notice to the land agent.   Nor is it readily perceived that the respondents are entitled without plea or brief statement or with them to intervene as volunteers in his behalf.

The petition and the notice are in the usual form and the order of court has been complied with.

3. By R. S. of 1871, c. 82, § 99, " In actions touching the realty or in which the title to real estate is material to the issue, and when original deeds would be admissible, attested copies of such deeds from the registry may be used as evidence, without proof of their execution, when the party offering such copy is not a grantee in the deed, nor claims as heir, nor justifies as servant of the grantee or his heirs."

The petitioners introduced record copies of the deeds of the land agents of Maine and Massachusetts to grantees under whom the petitioners and the respondents alike derive their title by various mesne conveyances.   So far as these conveyances show the title in the petitioners to the fractions by them claimed, they establish their right to partition.   If in any instance there is a failure to do this, it will be distinctly stated.

4. The respondents' plea of sole seizin is disproved by evidence offered.   Indeed, the petitioners and the respondents derive their title from the same source and the evidence negatives any real conflict between them.   It shows the petitioners entitled to partition as claimed, and that the respondents have no rights which conflict with the several interests of the petitioners as described in their several petitions.

5. In the tenth petition an office copy of a deed of the east half of township No. 15, R. 6, west from the east line of the State from the State of Maine to the Corinth Academy, but recorded in another registry than that in which the land was situated, was offered in evidence.   But the copy is not admissible to affect the rights of the parties.

That deed being excluded, the title stands thus.   Adams H. Merrill by deed of warranty, dated March 6, 1850, conveyed to George K. Jewett and Leonard March the east half of said

township No. 15, R. 6. On Jan. 6, 1851, Jewett and March by deed of warranty conveyed half of said east half to Elbridge G. Dunn. By these conveyances Dunn became the owner of half and Jewett and March of half of said east half. The respondents are the devisees of March and have shown no title to more than a quarter of said half. There is therefore no conflict between the title of the petitioners and the respondents.

6. The deeds in the case show that E. D. Jewett is an owner in the lands of which partition is prayed to the extent set forth in the several petitions to which he is a party. There is no sufficient proof that he has ever parted with his title. No deed or office copy of a deed from him to any one was offered in evidence.

George K. Jewett testified that he did not know of his own knowledge whether E. D. Jewett was now an owner or not; that some years since he named his intention to convey said land to him; that he believes he executed such conveyance, but he has no remembrance of seeing the deed, and that if there was one he has not transferred the land to any one.

The deed, if there was one, is not shown to have been lost so as to authorize parol evidence of its contents. It would seem probably not to have been recorded as no office copy was offered. It is not proved to have been delivered, but rather the reverse, for if not seen by the grantee there could not well have been a delivery.

7. The mortgage deeds from the petitioners to John H. Pope, of their interest in the land to be divided, cannot be interposed to prevent partition. Pope is no party to these proceedings and sets up no adverse interest. The respondents have no right to intervene in his behalf. As to all persons but the mortgagee the mortgager is regarded as the owner and seized of the estate. *Upham* v. *Bradley*, 17 Maine, 427.

> *Judgment that partition be made according to the prayer of the petitioners.*

KENT, CUTTING, BARROWS, WALTON, and TAPLEY, JJ., concurred.